# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| ROBERT H., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | No. ED CV 18-00584-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Robert H. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for Supplemental Security Income ("SSI").[1] The Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed an application for SSI on February 11, 2014, alleging disability commencing November 1, 2012. See Dkt. 16, Administrative Record

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

("AR") 198-204. After being denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). See AR 139-55. A hearing was held on November 18, 2016, and Plaintiff received an unfavorable decision on December 6, 2016. See AR 42-68.

The ALJ found that Plaintiff had the following impairments, considered "severe" in combination: degenerative disc disease of the lumbar spine, obesity, and schizoaffective disorder. AR 47. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that he was capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently, could stand, sit, and walk for 6 hours in an 8-hour workday, could perform occasional postural activities, could not climb ladders, ropes, or scaffolds, and was limited to simple, repetitive tasks and occasional contact with supervisors, co-workers, and the general public. See AR 49.

In reaching this RFC finding, the ALJ gave "great weight" to the opinions of Drs. Eugene Campbell and H. Hurwitz, the State agency medical consultants. See AR 51. According to the ALJ, both found Plaintiff "capable of understanding, remembering and carrying out simple one to two-step instructions, making simple work-related decisions, adapting to changes and handling normal work stressors of full-time employment, but should have limited social contact." Id.

Based on the evidence of record, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, including garment sorter, price marker, and routing clerk. See AR 52-53. Consequently, the ALJ concluded that Plaintiff was not disabled. See AR 53.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-7. This action followed. See Dkt. 1.

## II.  DISCUSSION

Plaintiff argues that the ALJ erred in concluding that he has the RFC to perform "simple, repetitive tasks" because that conclusion is in conflict with the State agency medical consultants' opinions that Plaintiff could perform "one to two-step tasks." Dkt. 18, Joint Stipulation ("JS") at 5. According to Plaintiff, the consultants' opinions encompassed a more restrictive limitation than the RFC assessment. See id. at 5-6. Plaintiff asserts that their "limitation to one to two-step tasks" is consistent only with Level One reasoning on the GED scale. Id. In contrast, the "simple, repetitive tasks" limitation adopted by the ALJ falls under Level Two reasoning. Id. The jobs identified by the ALJ require Level Two reasoning, above the level that Plaintiff can perform. See id. at 6.

Plaintiff relies on Rounds v. Commissioner Social Security Administration, 807 F.3d 996 (9th Cir. 2015) to argue that there is a distinction between the "one to two-step tasks" limitation adopted by the consultants and the "simple, repetitive tasks" limitation adopted by the ALJ. In Rounds, plaintiff argued that the ALJ's RFC limitation to "one to two-step tasks" matched Level One reasoning ("ability to carry out simple one–or two-step instructions") and, therefore, she could not as a matter of law perform the Level Two jobs identified by the vocational expert. Id. at 1003. The Ninth Circuit agreed and found a conflict between the limitation to "one- and two-step tasks" tasks and the vocational expert's selection of Level Two reasoning jobs, given the "close similarity" between the RFC limitation and Level One reasoning. Id. The Ninth Circuit remanded the case so that the ALJ could articulate a reasonable explanation to justify relying on the vocational expert's testimony and selection of Level Two reasoning jobs. See id. at 1004.

Rounds differs from this case in a significant way: Plaintiff does not argue that a conflict exists between the ALJ's RFC and the vocational expert's

testimony identifying Level Two jobs. Instead, the alleged conflict is between the consultants' assessment (that potentially matches Level One reasoning) and the ALJ's RFC-imposed limitation to simple and repetitive tasks.

The Court concludes that the ALJ properly accounted for Plaintiff's non-exertional limitations. Initially, Plaintiff overstates the consultants' assessment concerning Plaintiff's ability to follow instructions. Drs. Campbell and Hurwitz stated that Plaintiff "can learn and remember basic work instructions and tasks of 1-2 steps," AR 120, 134, not that he was necessarily limited to following one- to two-step tasks. In fact, both doctors opined that Plaintiff was "capable of sustaining [simple, repetitive tasks]." Id.

Nor do the consultants' opinions suggest that they intended to limit Plaintiff to simple instructions. Dr. Campbell opined that Plaintiff was not limited in his abilities to carry out very short and simple instructions and make simple work-related decisions, not significantly limited in his ability to carry out detailed instructions, could follow a schedule and make decisions and complete basic works tasks on a consistent basis, and could meet the expectations of full time employment doing basic works tasks. See AR 119-20. Dr. Hurwitz opined that Plaintiff was not limited in his abilities to carry out very short and simple instructions and make simple work-related decisions, moderately limited in his abilities to carry out detailed instructions, could follow a schedule and make decisions and complete basic works tasks on a consistent basis, and could meet the expectations of full time employment doing basic works tasks. See AR 133-34. The ALJ's RFC finding is thus consistent with the consultants' overall opinions.

Additionally, the ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). In considering Plaintiff's mental abilities and limitations, the ALJ noted that one consultative examiner opined that Plaintiff

4

had no mental limitations or impairments and two others opined that Plaintiff could understand, remember, and carry out simple one to two-step instructions, make simple work-related decisions, and handle the stress of full-time employment. See AR 51. Both Drs. Campbell and Hurwitz opined that Plaintiff could meet the expectations of full-time employment. See AR 120, 134. After synthesizing the medical evidence, the ALJ concluded that Plaintiff retained the ability to complete simple, repetitive tasks and have occasional contact with supervisors, co-workers, and the general public. See AR 49. To the extent there was any ambiguity in the consultants' opinions, the ALJ properly resolved it based on the evidence in front of him. See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995) ("We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").

### III. CONCLUSION

The decision of the Social Security Commissioner is AFFIRMED and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: May 23, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge